**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LARRY REANO,                                         Case No. 6:10-cv-00768-Orl-22KRS

         Plaintiff,

v.

SAN VILLA SHIP MANAGEMENT
CO., and JOSE VILLANUEVA, and
GENCOR INDUSTRIES, INC.,

         Defendants.
_____

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, LARRY REANO (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues the Defendants, SAN VILLA SHIP MANAGEMENT CO. (hereinafter referred to as "SAN VILLA"), JOSE VILLANUEVA (hereinafter referred to as "VILLANUEVA") and GENCOR INDUSTRIES, INC. (hereinafter referred to as "GENCOR" and collectively referred to as the "Defendants") and states as follows:

**INTRODUCTION**

1. This is an action by Plaintiff against his former employer for breach of contract, unpaid wages pursuant to the Fair Labor Standards Act ("FLSA") and the Constitution of the State of Florida. Plaintiff seeks damages and a reasonable attorney's fee.

**JURISDICTION**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, et. seq. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. Section 216(b) and for the state law claim under the doctrine of supplemental jurisdiction.

## **VENUE**

3.  The venue of this Court over this controversy is proper based upon the party residing in Orlando, Orange County.

## **THE PARTIES**

4.  Plaintiff was employed by Defendants, as a welder, and worked from April 2008, through December 19, 2008.

5.  Plaintiff was employed by Defendants as a welder, manufacturing goods used in the road and highway construction industry.

6.  The Defendant, SAN VILLA, is an employer as defined by 29 U.S.C. § 203(d). The employer is subject to the provisions of the FLSA, specifically 29 U.S.C. §§206 and 207, in the facility where Plaintiff was employed.

7.  Plaintiff was an employee of Defendant SAN VILLA, and at all times relevant to the complaint, SAN VILLA was engaged in commerce as defined by 29 U.S.C. §203 (b), 29 U.S.C. §§206(a) and 207(a)(1).

8.  Additionally, Defendant SAN VILLA, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and considered as such under the .

    (a) Defendant SAN VILLA is an enterprise with gross revenue in excess of $500,000 as defined by 29 U.S.C. §203(s)(1)(A)(ii).

    (b) Defendant SAN VILLA in a company that places short-term and long-term staff in a variety of manufacturing and service positions as covered by 29 U.S.C. §203(s)(1)(A)(i).

    (c) Defendant SAN VILLA placed persons or agents into the stream of commerce in various states. These employees affect interstate commerce.

9. Defendant SAN VILLA placed Plaintiff as temporary labor with Defendant GENCOR as a welder manufacturing goods used in the road and highway construction industry.

10. Defendant VILLANUEVA was at all times material hereto, the officer of Defendant, SAN VILLA.

11. Defendant VILLANUEVA at all times material hereto, acted directly or indirectly in the interest of San Villa in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiff's work and therefore are statutory employers under 29 U.S.C. §203(d).

12. Defendant GENCOR is an enterprise engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(s)(1).

   (a) Defendant GENCOR is an enterprise with annual business volume of at least $500,000.

   (b) Defendant GENCOR is engaged in the production of goods for interstate commerce and work on goods or materials which have been moved in or produced for interstate commerce.

   (c) Defendant GENCOR is an enterprise for whom Plaintiff manufactured goods used in the road and highway construction industry.

13. From October 2007 until December 19, 2008, Plaintiff was not fully compensated by the Defendants for his labor with regards to minimum wage as well as overtime and such nonpayment was willful.

14. Plaintiff was a non-exempt employee of Defendants who worked in excess of forty (40) hours during one or more workweeks from October 2007 until December 19, 2008.

15. Plaintiff has retained the law officer of Fisher & Frommer, PLLC to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## ENTERPRISE LIABILITY

16. Defendants are jointly and severally liable to the Plaintiff under enterprise liability based on the economic realities test.

17. Defendants are jointly and severally liable to the Plaintiff under enterprise liability as each Defendant exercised joint control of the Plaintiff.

18. Defendant's maintained an explicit and/or implicit agreement to engage in joint action and to share the Plaintiff's services.

19. Defendants were acting in the interest of the each other in relation to the services provided by the Plaintiff.

20. Defendants' parallel behavior is sufficient to support an inference of, at the very least, a tacit agreement and/or cooperation between the Defendants.

21. Plaintiff was economically dependant upon Gencor.

22. Defendant GENCOR exercised great control over Plaintiff and had the power to fire the employee, the power to supervise and control work schedules or conditions of employment, maintained employment records, issued awards or reprimands, and controlled the duration of the working relationship.

23. The plaintiff performed specialty jobs that were integral to GENCOR's business.

24. Plaintiff performed the work on GENCOR's premises and used GENCOR's equipment.

25. By virtue of their individual and collective acts and omissions, Defendants are jointly and severally liable to Plaintiff as such acts and omissions have proximately caused Plaintiff to suffer injury for which each Defendant is responsible.

## COUNT I
## VIOLATION OF THE STATE MINIMUM WAGE PROVISION AS TO DEFENDANTS

26. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 25, above.

27. The Defendants willfully violated Article X, Section 24 of the Constitution of the State of Florida, by failing to compensate the Plaintiff at a rate equal to the minimum wage requirement for work performed while employed by Defendants. Specifically, Plaintiff worked from April 2008 until December 19, 2008, during this time he was never compensated for any time he worked, including no pay for hours work over 40 hours. From Plaintiff's date of hire to his resignation Plaintiff was not paid any Overtime hours work.

28. Plaintiff is entitled to his reasonable attorney's fees in this matter under Section 448.08, Florida Statutes and Article X, Section 24 of the Constitution of the State of Florida.

WHEREFORE, Plaintiff demands a judgment against Defendants jointly and severally, liable for the following:

(a) Wages found to be due and owing;

(b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

29. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 25, above.

30. The Defendants willfully violated Section 6 and 15 of the Fair Labor Standards Act, by failing to compensate the Plaintiff at a rate equal to the minimum wage requirement for work performed while employed by Defendants. Specifically, Plaintiff worked from April 2008 to December 2008, and received less than the minimum wage for hours worked, and in fact was never compensated by Defendant for work performed over 40 hours during said period.

WHEREFORE, Plaintiff demands a judgment against Defendants jointly and severally, liable for the following:

(a) Wages found to be due and owing;

(b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## COUNT III
## BREACH OF CONTRACT

31. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 25, above.

32. On or about February 29, 2008, the Plaintiff and Defendants entered into an Employment Agreement, wherein the Defendants were required to compensate the Plaintiff for labor.

33. Plaintiff fully performed all conditions precedent to be performed by Plaintiff or the conditions have occurred.

34. The Defendants however had intentionally breached the agreement by refusing to fully compensate the Plaintiff for his wages in accordance with the agreements. More specifically,

Defendants have failed to compensate Plaintiff for work performed over 40 hours weekly and also failed to compensate Plaintiff for his first year bonus of $2,000.00.

35. As a direct and proximate result of Defendants' willful breach and failure to perform in accordance with the agreement, the Plaintiff has suffered, and will continue to suffer, damages.

WHEREFORE, Plaintiff demands a judgment against Defendants jointly and severally, liable for the following:

(a) Wages found to be due and owing;

(b) Prejudgment interest in the event liquidated damages are not awarded;

(c) A reasonable attorney's fee and costs; and,

(d) Such other relief as the Court deems just and equitable.

### COUNT IV
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

36. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 25, above.

37. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for work weeks longer than forty (40) hours. Specifically, Plaintiff worked from April 2008 to December 19, 2008, hours in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

WHEREFORE, Plaintiff demands a judgment against Defendants, jointly and severally for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An Additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

Respectfully submitted,

Dated: July 9, 2010

/s/ Eric D. Frommer
ERIC D. FROMMER, ESQ.
Florida Bar No.: 0023163
Fisher & Frommer, PLLC
270 Waymont Court, Suite 110,
Lake Mary, FL 32746
Telephone: (407) 330-9664
Facsimile: (407) 330-9644
Counsel for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's First Amended Complaint has been electronically filed via the courts CM/ECF electronic filing system on July 9, 2010, which will deliver a copy of the above to all parties in interest.

Dated: July 9, 2010

/s/ Eric D. Frommer
Counsel for Plaintiff